IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01427-EWN-BNB

BLONDELL F. MITCHELL,

Plaintiff,

v.

KDJM - FM
INFINITY BROADCASTING, and
VIACOM,

Defendants.
_____

Civil Action No. 06-cv-01578-EWN-BNB

BLONDELL F. MITCHELL,

Plaintiff,

v.

JENNIFER PROCTOR,
MARK OTTO,
JOSE ESPINOSA,
KEITH ABRAMS, and
MARIA CHAVEZ,

Defendants.
_____

Civil Action No. 06-cv-01579-EWN-BNB

BLONDELL F. MITCHELL,

Plaintiff,

v.

LARRY ULIBARRI,
KENDALL LAMAR,
KATHIE JOHNSON,

STEVEN LAURITZEN, and
MANUEL ANTHONY VALDEZ,

Defendants.
_____

Civil Action No. 06-cv-01585-EWN-BNB

BLONDELL F. MITCHELL,

Plaintiff,

v.

KQKS-FM,
JEFFERSON PILOT COMMUNICATIONS, n/k/a LINCOLN FINANCIAL MEDIA,
JEFFERSON PILOT FINANCIAL, n/k/a LINCOLN FINANCIAL GROUP,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the following motions for summary judgment (the "Motions") filed by the plaintiff:

1. **Motion for Summary Judgment**, Case No. 06-cv-1427-EWN-BNB, Doc. #29, filed 10/23/06;

2. **Motion for Summary Judgment on Plaintiff's Private Citizen/Figure Status**, Case No. 06-cv-1427-EWN-BNB, Doc. #37, filed 10/24/06;

3. **Motion for Summary Judgment that the Plaintiff Does Not Have AIDS/HIV or the Virus Associated with the Disease**, Case No. 06-cv 1427-EWN-BNB, Doc. #42, filed 10/27/06;

4. **Motion for Summary Judgment on Defendants** [sic] **Public Figure Status**, Case No. 06-cv-1427-EWN-BNB, Doc. #43, filed 10/27/06;

     5.    **Motion for Summary Judgment**, Case No. 06-cv-1578-EWN-BNB, Doc. #32, filed 10/23/06;

     6.    **Motion for Summary Judgment on Plaintiff's Private Citizen/Figure Status**, Case No. 06-cv-1578-EWN-BNB, Doc. #38, filed 10/24/06;

     7.    **Motion for Summary Judgment that the Plaintiff Does Not Have AIDS/HIV or the Virus Associated with the Disease**, Case No. 06-cv 1578-EWN-BNB, Doc. #43, filed 10/27/06;

     8.    **Motion for Summary Judgment on Defendants** [sic] **Public Figure Status**, Case No. 06-cv-1578-EWN-BNB, Doc. #44, filed 10/27/06;

     9.    **Motion for Summary Judgment**, Case No. 06-cv-1579-EWN-BNB, Doc. #26, filed 10/23/06;

     10.    **Motion for Summary Judgment on Plaintiff's Private Citizen/Figure Status**, Case No. 06-cv-1579-EWN-BNB, Doc. #32, filed 10/24/06;

     11.    **Motion for Summary Judgment that the Plaintiff Does Not Have AIDS/HIV or the Virus Associated with the Disease**, Case No. 06-cv 1579-EWN-BNB, Doc. #37, filed 10/27/06;

     12.    A facsimile cover sheet stating "To follow are 2 motions and 6 affidavits, for Civil Action # 06-CV-1579-EWN-BNB," Case No. 06-cv-1579-EWN-BNB, Doc. #39, filed 10/27/06, which I construe as a **Motion for Summary Judgment on Defendant's Public Figure Status**[1];

---

[1] The plaintiff doid not attach "2 motions and 6 affidavits" to the cover sheet. Instead, she attached pages 3-10 of the plaintiff's Motion for Summary Judgment on Defendant's Public Figure Status as submitted in Case No. 06-cv-1578-EWN-BNB, Doc. #44, filed 10/27/06.

13. **Motion for Summary Judgment**, Case No. 06-cv-1585-EWN-BNB, Doc. #23, filed 10/23/06;

14. **Motion for Summary Judgment on Plaintiff's Private Citizen/Figure Status**, Case No. 06-cv-1578-EWN-BNB, Doc. #29, filed 10/24/06;

15. **Motion for Summary Judgment that the Plaintiff Does Not Have AIDS/HIV or the Virus Associated with the Disease**, Case No. 06-cv 1585-EWN-BNB, Doc. #34, filed 10/27/06; and

16. **Motion for Summary Judgment on Defendants** [sic] **Public Figure Status**, Case No. 06-cv-1585-EWN-BNB, Doc. #35, filed 10/27/06.

## STANDARD OF REVIEW

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and by

affidavits, depositions, answers to interrogatories and admissions on file, to designate specific facts showing that there is a genuine issue for trial. Id. at 324.

## BACKGROUND

In July and August of 2006, the plaintiff commenced these four separate civil actions, in which she sues a total of sixteen defendants. The actions all allege that the defendants defamed the plaintiff by accusing her of having and spreading the AIDS virus.

The plaintiff has filed the same four motions for summary judgment in each of her four cases. The motions are entitled "Motion for Summary Judgment"; "Motion for Summary Judgment on Plaintiff's Private Citizen/Figure Status"; "Motion for Summary Judgment that the Plaintiff Does Not Have AIDS/HIV or the Virus Associated with the Disease"; and "Motion for Summary Judgment on Defendants [sic] Public Figure Status." The motions seek summary judgment on the following issues, respectively: "that AIDS/HIV, and the virus associated with the disease, are of PUBLIC CONCERN"; "that the plaintiff is a Private Citizen"; "that plaintiff DOES NOT HAVE AIDS/HIV or the virus associated with the disease"; and "on the defendants [sic] PUBLIC FIGURES status."

## ANALYSIS

The Motions are confusing and disjointed. They contain numerous random and incomplete statements of law, most of which are not applied to any of the alleged facts in these cases. The Motions contain few, if any, factual statements. Most of the Motions are submitted without supporting evidence. The only evidentiary support provided by the plaintiff are documents which purport to establish that the plaintiff does not have AIDS.

The plaintiff does not seek summary judgment on her defamation claims as a whole, and she has utterly failed to establish that she is entitled to judgment as a matter of law on her claims.

Instead, she seeks "summary judgment" on discreet issues which may or may not be relevant to her claims. Summary judgment cannot be decided in such a piecemeal fashion.

In addition, the plaintiff has filed sixteen motions for summary judgment over a four day period which are, in large part, frivolous. I find that the plaintiff is engaged in a pattern of abusive conduct. As the Tenth Circuit has made clear:

> [T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. No one, rich or poor, is entitled to abuse the judicial system.

Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).

## CONCLUSION

I respectfully RECOMMEND that the Motions be DENIED.

FURTHER, IT IS ORDERED that the plaintiff shall cease filing any further motions for summary judgment on discreet issues.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 15, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge