IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01427-EWN-BNB (consolidated with 06-cv-01578-EWN-BNB, 06-cv-01579-EWN-BNB, and 06-cv-01585-EWN-BNB )

BLONDELL F. MITCHELL,

Plaintiff,

v.

KDJM-FM n/k/a/ KWLI-FM,
INFINITY BROADCASTING CORPORATION n/k/a CBS Radio, Inc., and
VIACOM, INC. n/k/a CBS Corporation,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me pursuant to my Order to Show Cause dated February 6, 2007 [Doc. #74]. For the following reasons, I respectfully RECOMMEND that this case be DISMISSED WITH PREJUDICE.

In July and August of 2006, the plaintiff commenced four separate actions against a total of sixteen defendants. The actions all allege that the defendants defamed the plaintiff by accusing her of having and spreading the AIDS virus. The actions were consolidated on November 16, 2006.

Prior to consolidation of the cases, the plaintiff filed the same four motions for summary judgment in each of her four cases. On November 15, 2006, I recommended that the motions be denied [Doc. #52]. In recommending denial of the motions, I stated:

> The plaintiff has filed the same four motions for summary judgment in each of her four cases. The motions are entitled "Motion for Summary Judgment"; "Motion for Summary Judgment on

Plaintiff's Private Citizen/Figure Status"; "Motion for Summary Judgment that the Plaintiff Does Not Have AIDS/HIV or the Virus Associated with the Disease"; and "Motion for Summary Judgment on Defendants [sic] Public Figure Status." The motions seek summary judgment on the following issues, respectively: "that AIDS/HIV, and the virus associated with the disease, are of PUBLIC CONCERN"; "that the plaintiff is a Private Citizen"; "that plaintiff DOES NOT HAVE AIDS/HIV or the virus associated with the disease"; and "on the defendants [sic] PUBLIC FIGURES status."

*  *  *

The Motions are confusing and disjointed. They contain numerous random and incomplete statements of law, most of which are not applied to any of the alleged facts in these cases. The Motions contain few, if any, factual statements. Most of the Motions are submitted without supporting evidence. The only evidentiary support provided by the plaintiff are documents which purport to establish that the plaintiff does not have AIDS.

The plaintiff does not seek summary judgment on her defamation claims as a whole, and she has utterly failed to establish that she is entitled to judgment as a matter of law on her claims. Instead, she seeks "summary judgment" on discreet issues which may or may not be relevant to her claims. Summary judgment cannot be decided in such a piecemeal fashion.

In addition, the plaintiff has filed sixteen motions for summary judgment over a four day period which are, in large part, frivolous. I find that the plaintiff is engaged in a pattern of abusive conduct. As the Tenth Circuit has made clear:

> [T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. No one, rich or poor, is entitled to abuse the judicial system.

Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).

In addition to recommending that the motions be denied, I ordered the plaintiff to cease filing any further motions for summary judgment on discreet issues.

On November 15, 2006, I entered orders in the separate cases striking as duplicative several motions for summary judgment and several motions regarding failure to receive filings from the defendants.[1]  [Case No. 06-cv-1427, Doc. #51; Case No. 06-cv-1578, Doc. #52; Case No. 06-cv-1579, Doc. #47; Case No. 06-cv-1585, Doc. #42].  On November 17, 2006, after consolidation of the cases, I entered an order in this case striking nine motions for summary judgment filed by the plaintiff on October 31, 2006 [Doc. #57].  The motions were stricken because they were duplicative of motions filed by the plaintiff on October 27, 2006.  Id.  The plaintiff was ordered to cease filing duplicative motions.  Id.

On January 22, 2007, the plaintiff filed her first motion for default judgment [Doc. #64].  On January 23, 2007, I recommended that the motion be denied as frivolous [Doc. #67].  The motion sought default against "all parties who failed to answer."  The plaintiff did not specify which of the sixteen defendants failed to answer, nor did she provide any basis for entry of default against any of the defendants.  In recommending denial of the motion, I detailed the dates of service upon each defendant, the dates that their responses to the complaints were due, and the dates they responded to the complaints with motions to dismiss.  I unequivocally stated that all of the defendants responded to the complaints in a timely manner under Rule 12 of the Federal Rules of Civil Procedure and that none of the defendants were in default.

---

[1] In Case No. 06-cv-1427, the initial motion regarding failure to receive filings from the defendants was denied because the defendants had not filed any motions in that case [Doc. #34].  In Case Nos. 06-cv-1578, 06-cv-1579, and 06-cv-1585, the initial motions were denied as moot because the plaintiff subsequently confirmed receipt of, or filed responses to, the motions. [Docs. #55, #46, and #43, respectively].

Despite the clear language of my Recommendation, the plaintiff filed another motion for default judgment on February 1, 2007 [Doc. #71]. This motion consisted of 21 typewritten pages wherein the plaintiff argued that she was entitled to default judgment because the defendants' motions to dismiss do not specifically deny the factual allegations of her complaints. As with her first motion, she did not direct her arguments to any specific defendant, nor did she provide any basis for entry of default against any of the defendants. The motion is frivolous and redundant.[2]

On February 6, 2007, I ordered the plaintiff to show cause why this case should not be dismissed for failure to follow an order of this Court in violation of D.C.COLO.LCivR 41.1 [3] and for her pattern of abusive litigation conduct [Doc. #74]. I noted that I had previously ordered the plaintiff to cease filing duplicative motions and that I had previously warned the plaintiff that she was engaged in a pattern of abusive conduct. I cautioned the plaintiff that failure to show cause would result in my recommendation that this case be dismissed.

The plaintiff responded to the show cause order on February 16, 2007 [Doc. #77]. The plaintiff did not show cause for failing to follow my order to cease filing redundant motions. Instead, she made additional frivolous arguments for default. In addition, she made *ad hominem* attacks on me and on the Court. For example, she stated:

---

[2]By separate order, I have stricken the motion as redundant.

[3]Rule 41.1 provides:
>   A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, federal rules of civil or criminal procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

"It is in direct opposition of the United Nations, Universal Declaration of Human Rights for the Magistrate Judge Boyd N. Boland to order the plaintiff Pro Se to give up her personal liberty and become the Whipping Nigger for AIDS/HIV . . . ." Id. at p. 3.

"These words written by the Magistrate Judge Boyd N. Boland is an example of Racism in the Judicial System in Colorado." Id. at p. 11.

"[T]he Court For the United States District Court for Colorado[] is calling Plaintiff Pro Se a Liar (without proof), to validate the dysfunctional stereotype that the defendants have made up for the on air amusement of their listeners." Id.

"It is one thing to be victimized by the White Media, but it is an international issue when a Magistrate Judge is trying to take away the Judicial rights of a Native American who was racially profiled at birth into believing her ancestors[] received an involuntary boat ride to America." Id. at p. 14.

"Them good old boy trees of the south that bears strange fruits, which began to grow in Colorado in 1993, still blossoms its fruits on the limbs of JUDICIAL INJUSTICE."

On January 31, 2007, the plaintiff filed a paper entitled "Motion for Res Ipsa Loquitur Court Ordered AIDS/HIV Testing" [Doc. #69]. I set a hearing on this motion for March 16, 2007. At the hearing, I discussed the plaintiff's motions for default, and I again explained in great detail why the defendants are not in default. *Transcript of March 16, 2007, Hearing* [Doc. #83] (the "Transcript"), pp. 8-10, 12-14. I also explained that the defendants' motions to dismiss were properly filed in lieu of an answer under the Federal Rules of Civil Procedure, and that the motions did not have to deny the allegations of the Complaint. Id. at pp. 12-14. I repeatedly told the plaintiff that the issue of default had been decided and I would not entertain any further motions on the issue. Id. at p. 10-14, 24.

5

On April 2, 2007, the plaintiff filed a Motion for Summary Judgment wherein she argues that the defendants are in default. *Motion for Summary Judgment* [Doc. #80], pp. 17, 20, 24, 28-30.  Further, the plaintiff's summary judgment motion is saturated with arguments based on her erroneous conclusion that the defendants, by filing motions to dismiss instead of answers, have admitted numerous facts--despite my detailed explanation to the contrary. Id. at pp. 3,7, 14-15, 17, 19, 20-21, 22-29, 32.

The plaintiff's redundant frivolous arguments, despite repeated orders to stop, coupled with her failure to show cause why her case should not be dismissed, justifies dismissal of her case under D.C.COLO.LCivR 41.1.  Additionally, the Federal Rules of Civil Procedure authorize sanctions, including dismissal of a case, for failing to comply with court rules or any order of the court.  Fed. R. Civ. P. 41(b); see also Conkle v. Potter, 352 F.3d 1333, 1337 (10th Cir. 2003); Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002).   Before imposing dismissal as a sanction, however, a district court must evaluate appropriate factors, including the following:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted).  The circuit court also acknowledged in Ehrenhaus that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct."  Id. at 920.

Applying the Ehrenhaus factors, I find that the defendants have been substantially prejudiced by the plaintiff's behavior.  The defendants have had to incur the expense of

6

responding to many of the plaintiff's frivolous filings.[4]  Moreover, they had to attend the hearing on plaintiff's Motion for Res Ipsa Loquitur Court Ordered AIDS/HIV Testing, which was primarily a discussion regarding the plaintiff's abusive filing.

The plaintiff's repeated misconduct has substantially interfered with the judicial process. The plaintiff has littered the case file with unfounded motions and objections which do not meaningfully address the pertinent issues in the case.  This has resulted in tremendous additional work for the court.

The plaintiff is obviously culpable.  She has been ordered to stop her redundant and abusive filing, and she has been warned that failure to show cause for continued redundant and abusive filing could result in dismissal of her case with prejudice.  Nevertheless, she has continued her redundant and abusive filing.

A sanction less than dismissal with prejudice would not be effective.  The plaintiff is proceeding *in forma pauperis*, and a monetary sanction would be ineffective.  The plaintiff has repeatedly ignored unambiguous Court orders and warnings.  Instead of showing cause for her abusive conduct and for ignoring the Court's order to cease filing redundant motions, she attacked the Court's integrity; filed a summary judgment motion which contains numerous arguments premised on her erroneous position that the defendants are in default; and again requests entry default judgment against the defendants.  Her conduct shows a total lack of respect for the Court and the judicial system.  Dismissal with prejudice is the only effective sanction.

---

[4] I did not require the defendants to respond to the motions for summary judgment.

In summary, I find that under the specific facts of this case, the aggravating factors of the plaintiff's repeated misconduct--in the face of the Court's orders and warnings to stop--outweigh the judicial system's strong predisposition to resolve cases on the merits.  Accordingly,

I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE for the plaintiff's abuse of the judicial system and for her repeated failures to comply with orders of this Court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 8, 2007.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge