IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–01427–EWN–BNB
*(consolidated with Civil Action No. 06–cv–01578–EWN–BNB, Civil Action No. 06–cv–01579–EWN–BNB, and Civil Action No. 06–cv–01585–EWN–BNB)*

BLONDELL F. MITCHELL,

     Plaintiff,

v.

KDJM-FM n/k/a KWLI-FM
INFINITY BROADCASTING n/k/a CBS
RADIO INC, VIACOM n/k/a CBS
CORPORATION, JENNIFER PROCTOR,
MARK OTTO,
JOSE ESPINOSA,
KEITH ABRAMS, MARIA CHAVEZ,
LARRY ULIBARRI,
KENDALL LAMAR,
KATHIE JOHNSON,
STEVEN LAURITZEN, MANUEL
ANTHONY VALDEZ, KQKSFM,
JEFFERSON PILOT
COMMUNICATIONS, n/k/a LINCOLN
FINANCIAL MEDIA, and
JEFFERSON PILOT FINANCIAL, n/k/a
LINCOLN FINANCIAL GROUP,

     Defendants.

---

## ORDER CONCERNING MAGISTRATE JUDGE'S RECOMMENDATIONS

---

In these four now-consolidated cases, Plaintiff Blondell Mitchell, proceeding *pro se*, has

sued a total of sixteen parties, all of whom allegedly participated in, and/or failed to assist her in

correcting, defamatory statements made by some of Defendants.  The statements were that

Plaintiff had HIV/AIDS and was spreading the disease to men.  Plaintiff also accuses Defendants

of engaging in a "MEDIA MUNCHENHAUSEN, creating an inhuman defamatory falsity in the

media.  (Inhuman, flaming, derogatory, falsities, intended to inspire hate, in the hearts and minds

of the right thinking decent citizens) [sic]."

Contrary to Plaintiff's repeated assertions, every Defendant in each of the four cases

responded to her complaint by filing a motion to dismiss or, in the alternative, for a more definite

statement.  These were filed before the magistrate judge ordered the cases consolidated.  The

following is a tabular summary of such motions:

| Case No. | Docket No. | Date Filed |
|---|---|---|
| 06–cv–01427–EWN–BNB | 30 | 10/23/06 |
| 06–cv–01578–EWN–BNB | 25 | 10/17/06 |
| 06–cv–01579–EWN–BNB | 20 | 10/17/06 |
| 06–cv–01585–EWN–BNB | 17 | 10/17/06 |

Each of the motions argued, *inter alia*, that Plaintiff's complaints were legally insufficient to

allege any claim for defamation and should therefore be dismissed.  Each motion was made

pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes a court to

dismiss a complaint for "failure to state a claim upon which relief can be granted."  In the

alternative, each motion sought an order for Plaintiff to provide a more definite statement of her

claim, pursuant to rule 12(e) of the Federal Rules of Civil Procedure.

Plaintiff, for her part, began to file multiple motions for summary judgment. Like Defendants' motions to dismiss, the motions for summary judgment were filed before the cases were consolidated. As accurately outlined by the magistrate judge, Plaintiff filed a total of sixteen such motions, four in each of her cases. The magistrate judge has recommended (Doc. No. 52) that each motion be denied, for two reasons. First, the motions are procedurally improper. Second, the motions are not properly supported. Plaintiff has objected to the recommendation (Doc. No. 59), and her objections frame the first issue before the court. The magistrate judge also ordered Plaintiff to "cease filing any further motions for summary judgment on discreet [sic] issues."

In addition to pursuing her own motions for summary judgment, Plaintiff also sought a default judgment (Doc. No. 64) against all Defendants, alleging that they timely failed to answer. The magistrate judge has recommended denial of her motion (Doc. No. 67), and Plaintiff has objected (Doc. No. 68). Her objections frame the second issue before the court.

After the magistrate judge recommended denial of her initial motion for default judgment, Plaintiff filed a second motion for default judgment (Doc. No. 71), this time on the theory that Defendants, by filing a motion under rule 12, had implicitly admitted the allegations of her complaints. The magistrate judge struck the motion on the ground that it duplicated her previous motion (Doc. No. 89), and Plaintiff has objected to that order (Doc. No. 92). Her objections frame the third issue before the court.

After receiving the second motion for default (Doc. No. 71), the magistrate judge also issued an order (Doc. No. 74) directing Plaintiff to show cause in writing why the case should

not be dismissed for her failure to obey previous orders entered by the magistrate judge and for her pattern of abusive litigation conduct. The order to show cause cited several instances of disobedience and/or abusive conduct. First, the magistrate judge noted that the second motion for default judgment was frivolous and duplicated her first motion for default, which was also frivolous. The magistrate judge accurately noted that he had previously directed Plaintiff to stop filing "duplicative motions" (Doc. No. 57). As for abusive litigation conduct, the order to show cause cited Plaintiff's filing of sixteen frivolous summary judgment motions. The magistrate judge accurately noted that, in his order denying the motions for summary judgment, he had found that Plaintiff was engaged in a pattern of abusive conduct. Quoting directly from an opinion of the Tenth Circuit, the magistrate judge admonished, "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. No one, rich or poor, is entitled to abuse the judicial system." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989).

Plaintiff did file a response to the order to show cause (Doc. No. 77). That response was preceded, however, by something which she styled as a *res ipsa loquiter* motion, asking the court to order that she be tested for the HIV/AIDS virus (Doc. No. 69). On March 16, 2007, the magistrate judge held a hearing at which he denied this motion as frivolous. He also engaged in extensive colloquy with Plaintiff regarding her conduct of the litigation. Two weeks later, Plaintiff filed another motion for summary judgment (Doc. No. 80).

Finally, on August 8, 2007, the magistrate judge issued a recommendation (Doc. No. 87), based upon the history of the litigation and Plaintiff's response to his show cause order. The

recommendation is to dismiss the case with prejudice because of Plaintiff's failure to follow court orders and for her filing of abusive and/or frivolous papers.  Plaintiff has filed a forty-nine page objection (Doc. No. 91).  These objections frame the fourth issue before the court for determination.

## A. STANDARD OF REVIEW

The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the matter before the court and magistrate judge is viewed as dispositive or non-dispositive.  Under Rule 72(a) of the Federal Rules of Civil Procedure, a district court may reverse a magistrate judge's decision on a non-dispositive matter only if the decision is found to be "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  *See also* 28 U.S.C.A. § 636(b)(1)(A) (West 2007).  Under the clearly erroneous standard of review, the magistrate judge's finding should not be rejected merely because the court would have decided the matter differently.  *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985).  Rather, the district court must affirm the decision of the magistrate judge unless the district court, "on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed."  *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 [1948]).

For dispositive matters, however, a district court assessing a magistrate judge's findings of fact and recommendations for disposition must make a "de novo determination of those portions of the [recommendation] . . . to which objection is made."  *See* 28 U.S.C.A. § 636(b)(1) (West 2007); Fed. R. Civ. P. 72(b).  "When conducting de novo review, the district court makes its own

determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). "[W]hen a party objects to factual findings based upon conflicting evidence or testimony, the district court must indicate that it is conducting a *de novo* determination rather than review under the 'clearly erroneous' standard." *Id.* (citing *Aluminum Co. of Am. v. United States Environmental Protection Agency*, 663 F.2d 499, 502 [4th Cir. 1981]).

Applying these standards of review, the court finds and concludes that the ruling giving rise to the third issue — the order striking the second motion for default as duplicative of the first motion — is non-dispositive. It will be reviewed to determine whether it is clearly erroneous or contrary to law. The remaining rulings — resolving dispositive motions or recommending dismissal with prejudice as a sanction — will be reviewed *de novo*.

### B. DISCUSSION

### 1. ISSUE NO. ONE — THE MULTIPLE MOTIONS FOR SUMMARY JUDGMENT

The magistrate judge has accurately characterized Plaintiff's motions as ones which ask for the court to rule that Plaintiff has established certain discrete facts relevant to her defamation claims. This is a patently improper use of the procedure outlined in rule 56. Courts have expressly found motions seeking to resolve only one issue relevant to a party's claims to be entirely inappropriate under any provision of Rule 56. *See Kendall McGaw Labs., Inc. v. Cmty. Mem'l Hosp.*, 125 F.R.D. 420, 421 (D. N.J. 1989) (describing as "well settled" the principles that summary judgment could be had as to one claim among many, but not as to one portion of a claim); *Capitol Records, Inc. v. Progress Record Distributing, Inc.*, 106 F.R.D. 25, 28 (N.D. Ill.

1985) (deeming a motion seeking summary judgment "as to less than a single claim" to be

improper).   No provision under Federal Rule 56 provides for summary judgment on a portion of a

claim.   Rules 56(a) and 56(b) permit partial summary judgment in the form of a judgment on a

single claim in a multiple-claim action.   *See* Fed. R. Civ. P. 56(a)–(b) (2007); *Liberty Mutual Ins.*

*Co. v. Wetzel*, 424 U.S. 737, 742–43 (1976).   Rule 56(c) allows that summary judgment may lie

in a case on the issue of liability where only damages are at issue, but does not authorize a motion

to establish certain facts or issues as true.   *See* Fed. R. Civ. P. 56(c) (2007).   Rule 56(d) provides

for "an order specifying the facts that appear without substantial controversy," but, like Rule

56(c) before it, does not authorize an independent motion to establish certain facts as true.   *See*

Fed. R. Civ. P. 56(d) (2007); *Roberts v. Chesapeake Operating, Inc.*, 426 F. Supp. 2d 1203,

1210 (D. Kan. 2006).   Thus, the magistrate judge is correct in suggesting that Plaintiff's multiple

summary judgment motions are procedurally improper and must be denied.

The magistrate judge also correctly suggests that Plaintiff has not shown entitlement to

summary judgment on the merits.   Plaintiff spills much ink in her objections arguing this point and

purporting to recite facts entitling her to judgment as a matter of law. She misconceives the

requirements and purpose of rule 56.   Rule 56(c) does say that a party is entitled to summary

judgment " if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact."

That does not mean, as Plaintiff appears to think, that she can make factual allegations in her

pleadings and that multiple repetition of these allegations somehow establishes them as true facts

and entitles her to summary judgment.   Because Defendants have not answered (and — for

reasons discussed below — are not required to do so until their rule 12 motions are decided), the court thus does not yet know what Defendants admit.  In order to be entitled to judgment at this juncture, Plaintiff would need at a minimum to file affidavits, statements given under oath, supporting her version of the facts.  Rule 56(e) requires that such affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Plaintiff did not file a single affidavit complying with this requirement.  On the merits, her motions are simply groundless.

Having determined that the magistrate judge's recommendation to deny the summary judgment motions is sound, the court will pause to consider the discrete parts of the recommendation which portend and underlie the later recommendation to dismiss the case as a sanction.  The magistrate judge characterizes the motions as frivolous, a conclusion with which this court agrees, both procedurally and on the merits.  The magistrate judge also noted that Plaintiff had filed sixteen motions for summary judgment over a four day period.  The court cannot agree that this circumstance should support a later recommendation for sanctions.  The cases had not yet been consolidated, and the court finds nothing untoward in the filing of identical motions in each of the four cases.  Defendants did the same thing.  True, four motions were filed in each case, but this is indicative not of an abusive purpose to multiply the work of Defendants or judicial officers, but of Plaintiff's misunderstanding that a motion of summary judgment was proper as to discrete facts.  Even though the court agrees that the initial round of summary judgment motions was groundless, the court cannot agree with the magistrate judge's finding that

Plaintiff had demonstrated "a pattern of abusive conduct" as of the date of the recommendation, November 15, 2006.

**2.      ISSUE NO. TWO — FIRST MOTION FOR DEFAULT JUDGMENT**

The magistrate judge painstakingly recited that no Defendant was in default because all of them had filed rule 12 motions within the required time period. Plaintiff's objection argues, as did her motion for default judgment, that Defendant had to respond within twenty days of service, not (as the magistrate judge had suggested) sixty days. Her position is based on her confusion concerning the requirements of rule 4 of the Federal Rules of Civil Procedure in the circumstances presented here.

As Plaintiff notes, this court ordered (Doc. No. 10) the United States marshal to serve the complaint, as it always does in these *in forma pauperis* cases. The express terms of the order granted the marshal flexibility in the method of effecting service. The marshal could first attempt to obtain a waiver of service pursuant to rule 4(d). If unable to get a waiver, the marshal was required to accomplish personal service. In every instance, the marshal obtained a waiver and did not need to serve any Defendant personally. Rule 4(d)(3) is clear concerning the time for responding in these circumstances:

> A defendant that, before being served with process, timely returns a waiver
> . . . is not required to serve an answer to the complaint until 60 days after
> the date on which the request for waiver of service was sent.

*See also* Fed. R. Civ. P. 12(a)(1)(B). Plaintiff is simply wrong. Defendants had sixty days within which to respond to the complaint. Their motions to dismiss were timely filed, and there is no basis for entry of a default judgment against them.

*3.*     *ISSUE NO. THREE — SECOND MOTION FOR DEFAULT JUDGMENT*

On February 1, 2007, Plaintiff filed another motion for default judgment (Doc. No. 71).

The magistrate judge struck (Doc. No. 89) the motion as "redundant" of the first motion (Doc.

No. 64).   Authority for striking "redundant" matter is found in rule 12(f) of the Federal Rules of

Civil Procedure.   The court must hold that the ruling was clear error.   Whatever its many defects

(see next paragraph), the second motion was not "redundant" of the first motion in either content

or argument, notwithstanding the occurrence of the words "motion for default judgment" in each

caption.   The first motion, in prolix fashion, presented the question of whether Defendants should

have responded to the complaint in twenty days.   The second, in equally prolix fashion, presented

the distinct issue of whether Defendants' failure in their rule 12 motions to either admit or deny

the allegations of Plaintiff's complaint could be the basis for a judgment by default.

The determination that the second motion for default should not be stricken does not

imply that it should be granted, for it is based on a fundamental misconception concerning the

procedural effects of rule 12 motions.   A rule 12 motion is not required or intended to be a

paragraph-by-paragraph response to a complaint, admitting or denying the complaint's

allegations.   Indeed, the filing of such a motion, at the very least, clearly postpones the time for

filing such a paragraph-by-paragraph response.   *See* Fed. R. Civ. P. 12(a)(4).   A rule 12 motion,

rather, is a procedural device to challenge the legal sufficiency of the complaint.   Because the rule

12 motions have not been decided, the time has not arrived when Defendants are required to

admit or deny the allegations of the complaint.   The second motion for default will therefore

simply be denied.

**4.**     *ISSUE NO. FOUR — WHETHER THE CASE SHOULD BE DISMISSED FOR VIOLATION OF COURT ORDERS AND ABUSIVE CONDUCT*

As already noted, the magistrate judge, on February 6, 2007, ordered Plaintiff to show cause why her case should not be dismissed with prejudice for her abusive conduct and failure to follow court orders.  As a matter of chronology, the show cause order was preceded by Plaintiff's sixteen summary judgment motions and her two motions for default judgment.  It was also preceded by orders, entered November 15 and 17, 2006, striking numerous successively-filed and identical motions for summary judgment and motions regarding Plaintiff's alleged failure to receive filings from Defendants.  All such motions were stricken as "duplicative," and Plaintiff was ordered to cease filing duplicative motions.  Although the reasons for successive filings of the same motion are not crystal clear, a comparison of the successive duplicative filings suggests that the earlier filing bore indicia of facsimile filing at the bottom, while the later motion did not. (*Compare, e.g.*, Doc. No. 38 *with* Doc. No. 27).  The court infers that Plaintiff both mailed and faxed each paper to the court to ensure receipt.

Also as a matter of chronology, three significant events occurred *after* the magistrate judge filed the show cause order on February 6, 2007 but before he recommended dismissal with prejudice on August 8, 2007.  First, Plaintiff responded to the show cause order.  The response is, to understate the matter, desultory and beside the point.  Stated otherwise, it does not answer the concerns raised by the magistrate judge in the show cause order.  Also, as Plaintiff warmed to her task and got further into the response, she made increasingly shrill and strident *ad hominem*

attacks on the magistrate judge.  The magistrate judge summarizes these attacks in his recommendation to dismiss with prejudice.

The second significant event which occurred between the show cause order and the recommendation to dismiss was a hearing before the magistrate judge on March 16, 2007.  The hearing was on Plaintiff's motion asking the court to order that she be tested for the HIV/AIDS virus, the denial of which is not at issue here.  What is pertinent here is an extensive colloquy between Plaintiff and the magistrate judge.  The magistrate judge, notwithstanding persistent interruptions by Plaintiff, patiently reviewed the issues concerning the piecemeal motions for summary judgment and the two motions for default judgment.  He repeated the basis for his rulings on these matters and was frequently interrupted by Plaintiff's legally wrong-headed and dogged attempts to argue each point.  Significantly, with respect to the second motion for default, the magistrate judge went beyond calling the motion "redundant."  He carefully explained:

> [THE COURT]:  They filed a motion to dismiss. That satisfies their obligation under the rules.
>
> MS. MITCHELL: But they failed to answer the question, the complaint.
>
> THE COURT: They don't have to. They filed a motion to dismiss. That satisfies their requirement. They say you haven't pled with sufficient particularity a claim for defamation. And that's a question of law which somebody's going to rule on some day.
> . . . .
> And that's what they have to do. They don't —  you don't file an answer if you file a motion to dismiss.
>
> MS. MITCHELL: Yes, but their motion to dismiss must be based on some fact.

> THE COURT: They're saying everything you've said is true. Even so, as a matter of law, you're not entitled to win this case.
>
> MS. MITCHELL: Because?
>
> THE COURT: Because you haven't pled with sufficient particularity a claim of defamation.

The third event intervening between the show cause order and the recommendation to dismiss was Plaintiff's filing of a thirty-four-page summary judgment motion on April 2, 2007. This time, Plaintiff at least followed the magistrate judge's admonition to file a single motion. She also supported this motion with affidavits. The affidavits are patently insufficient, however, because they purport to recite facts which are not admissible in evidence and because they fail to establish that there is an absence of disputed facts on each element of Plaintiff's defamation claim. This summary judgment motion, therefore, must still be denied.

For the magistrate judge's recommendation to dismiss with prejudice, the motion for summary judgment had additional significance. In the motion for summary judgment, Plaintiff once again repeats the rejected argument that she is entitled to judgment because Defendants' motions to dismiss do not either admit or deny, paragraph-by-paragraph, the allegations in her complaint. This is not the sole basis for the summary judgment motion, however. Inspection of the motion reveals that Plaintiff reiterated the already-rejected argument on approximately eleven of thirty-four pages. The rest is at least new, even if it is without merit.

Before discussing the legal propriety of the magistrate judge's recommendation, it is important to summarize the totality of Plaintiff's conduct, viewed in light of the observations and rulings which the court has already made in this order. That conduct is decidedly mixed and does

not all point in the direction of the extreme sanction proposed by the magistrate judge.  As of the

date the magistrate judge issued his show cause order, February 6, 2007, Plaintiff had filed sixteen

motions for summary judgment.  The magistrate judge had denied them and sufficiently explained

why they were baseless, but this court has already made the point that the sheer multiplicity of the

motions provided no reason to dismiss the case — unless Plaintiff persisted in filing multiple

motions for summary judgment on discrete facts, something which she has not done.  Plaintiff had

also moved twice for judgment by default.  The magistrate judge dealt appropriately with the first

motion by denying it on the ground that Defendants had sixty, not twenty, days to respond, but he

erroneously treated the second motion as purely "redundant" and did not then explain that the

filing of a rule 12 motion delays or obviates the need for a paragraph-by-paragraph response to

the complaint.  It is also pertinent to point out that Plaintiff has filed no more motions for default

judgment.

Finally, the magistrate judge apparently thought that Plaintiff's duplicative successive filing

of several motions by both faxing and mailing was an aspect of abusive conduct.  This court

cannot agree.  It is equally plausible to regard this an attempt by Plaintiff (who apparently was

sending the materials from Iowa) to make doubly sure that each paper got filed.  In this court's

experience it is not uncommon for people who send things by facsimile, a relatively new and quick

technology, to follow-up by sending a slower but more traditional original of the same document

with an original signature.  The unfortunate initial flurry of duplicative filings has not recurred,

and the court will not add it to the basket of conduct supporting sanctions.

After the magistrate judge entered the show cause order, he held a hearing at which he reviewed Plaintiff's conduct. Significantly, he clarified for Plaintiff what was wrong with the second motion for default judgment, thus giving her sufficient warning that her insistence on a paragraph-by-paragraph admission or denial of her complaint was misplaced. He also reviewed what was wrong with her other filings.

Within a month of the hearing before the magistrate judge, Plaintiff filed a motion for summary judgment. Without doubt, eleven pages of this thirty-four-page motion flew in the face of the magistrate judge's explanation that Defendants were not required, at this procedural stage, to file a paragraph-by-paragraph set of admissions or denials. Was this a willful violation, though? The court is unable to agree that it was. A careful review of the transcript from the March 16 hearing reveals that the magistrate judge's explanation was made during the course of telling Plaintiff that Defendants were not in default and that she should stop filing motions for default judgment. The magistrate judge told Plaintiff more than once during the hearing, however, that she could file a single motion for summary judgment, not multiple ones on discrete issues. It is a reasonable inference, one as plausible as the inference of a willful violation, that Plaintiff acted in a good-faith, but grievously-mistaken, belief that she could still use a summary judgment to argue that Defendants had failed to admit or deny her allegations. She did conform to the admonition to file a single motion, and she supported that motion with affidavits, albeit insufficient ones.

The legal case for the recommended sanction, like the factual case, is decidedly mixed. Dismissal with prejudice is the ultimate, most severe sanction, one reserved for extreme cases

where there is no alternative.  The magistrate judge correctly recognized *Erenhaus v. Reynolds*,

964 F.2d 916, 921 (10th Cir. 1992) as the Tenth Circuit's leading case on what a district court

should consider in deciding whether to invoke the sanction:

> Before choosing dismissal as a just sanction, a court should ordinarily
> consider a number of factors, including:  "(1) the degree of actual prejudice
> to the defendant; (2) the amount of interference with the judicial process;
> . . . (3) the culpability of the litigant" [citations omitted; ellipses in
> original];  (4) whether the court warned the party in advance that dismissal
> of the action would be a likely sanction for noncompliance [citations
> omitted];and (5) the efficacy of lesser sanctions. [Citations omitted.]  "Only
> when the aggravating factors outweigh the judicial system's strong
> predisposition to resolve cases on their merits is dismissal an appropriate
> sanction."  [Citations omitted.]

*Id.*

In this court's view, the only factor pointing clearly to imposition of a severe sanction is

the amount of interference with the judicial process.  The magistrate judge, and now the court,

have spent an inordinate amount of time wading through Plaintiff's incoherent, legally

anachronistic, illogical submissions.  The remaining considerations, however, undercut the

recommended sanction, or are at least neutral to the outcome.  The prejudice to Defendants has

been minimal.  They have been put to the expense of filing motions, which the court will rule on

momentarily, and they attended one hearing.  Lesser sanctions have never been considered.  The

culpability of the litigant is a matter which could be debated.  Plaintiff has manifested both

obtuseness and insolence in her submissions, interruptions of the magistrate judge during the

hearing, and *ad hominem* attacks in her response to the show cause order.  On the other hand,

there is a thread of conduct, already discussed, from which one could infer a good faith, but still

mistaken and misguided, effort to conform with the magistrate judge's admonitions.

In the court's view, the factor which most seriously undercuts the recommended sanction

is "whether the court warned the party in advance that dismissal of the action would be a likely

sanction for noncompliance." Notwithstanding the recommendation's assertion that such a

notification was made, the court has ben unable to locate in the record a clear and unequivocal

warning that Plaintiff's conduct could result in dismissal of her case with prejudice. The closest

thing to such a warning appeared in the magistrate judge's order denying the sixteen motions for

summary judgment on November 15, 2006 (Doc. No. 52). The magistrate judge found that

Plaintiff "is engaged in a pattern of abusive conduct." He then quoted from *Tripati v. Beaman*,

878 F.2d 351, 353 (10th Cir. 1989) to the effect that there is no constitutional right to pursue a

frivolous action and that no person is entitled to abuse the judicial system. This simply falls short

of a clear statement outlining the offending conduct and declaring that repetition of the conduct

could lead to dismissal with prejudice. The court must, at this juncture, reject the

recommendation for the ultimate sanction.

**5.      REMAINING ISSUES — RESOLUTION OF MOTIONS TO DISMISS OR FOR MORE DEFINITE STATEMENT**

Because the magistrate judge has recommended the sanction of dismissal with prejudice,

he has suggested that Defendants' motions be denied as moot. Because the court has rejected the

recommendation, Defendants' motions must also be decided. The first motion is one by

Defendant CBS Radio Inc and Defendant CBS Corporation to dismiss because they are foreign

corporations having no responsibility for the allegations made in Plaintiff's pleadings.  The motion

is supported by the affidavit of Lisa M. Tanzi, a lawyer for CBS Corporation, who has personal

knowledge about the corporate structure of Defendants.  The affidavit states that Radio Station

KWLI in Denver, which Plaintiff claims to have broadcast the defamatory statements at issue, is

wholly owned and operated by CBS Radio Stations Inc., a Delaware Corporation with its

principal place of business in New York.  It is registered to operate in Colorado.  CBS Radio Inc.

and CBS Corporation, in contrast, own and operate no radio station in Colorado.  CBS Radio

Inc. has some indirect ownership of CBS Radio Stations Inc., while CBS Corporation is a parent

company of CBS Radio Inc.

 Plaintiff has supplied nothing to refute the facts sworn to by Tanzi, nor has she made any

allegation that CBS Radio Inc. or CBS Corporation have responsibility for any defamatory

broadcasts about her.  She has suggested no reason for piercing the corporate veil and holding

one corporation responsible for the actions of a distinct corporation, even though the corporations

may be affiliated in some way.  The court is satisfied that CBS Radio Inc and CBS Corporation

are not proper Defendants in this lawsuit.  If Plaintiff chooses to re-file any complaint, as

permitted below, she will not name either corporation as a Defendant.

 The second motion to dismiss is asserted by all Defendants.  They argue that Plaintiff has

failed to state any claim upon which relief can be granted.  They also argue for a more definite

statement on the ground that the complaint is too vague to permit a response.  The court agrees.

Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief."  The complaint is

neither short nor plain. The current complaint will therefore be dismissed without prejudice. Defendants' motion for a more definite statement will also be granted. If she wishes to pursue this case, then Plaintiff will, within twenty days, file a Seconded Amended Complaint which will conform to rule 8 and which will comply with the orders entered below.

In accordance with the findings and conclusions set forth herein, it is

**ORDERED** as follows:

1. The recommendation of November 15, 2006 (Doc. No. 52), concerning the multiple motions for summary judgment, is ACCEPTED. The referenced motions for summary judgment (Doc. Nos. 29, 37, 42, and 43) are DENIED.

2. For reasons stated herein, Plaintiff's latest motion for summary judgment (Doc. No. 80) is DENIED.

3. The recommendation of January 23, 2007 (Doc. No. 67), concerning the first motion for default judgment, is ACCEPTED. The motion (Doc. No. 64) is DENIED.

4. Plaintiff's objection (Doc. No. 92) to the magistrate judge's order (Doc. No. 89) striking the second motion for default judgment (Doc. No. 71) is SUSTAINED. Instead, for reasons recited herein, the second motion for default judgment is DENIED.

5. The recommendation to dismiss this case with prejudice, as a sanction (Doc. No. 87), is REJECTED.

6. The motion to dismiss and the motion for a more definite statement (Doc. No. 30) are both GRANTED. The complaint is dismissed without prejudice for failure to comply with Fed.

R. Civ. P. 8(a).  The recommendation to deny the motion to dismiss or for a more definite statement (Doc. No. 88) is rejected as moot.

      7.   Within twenty days from the date this order is filed, Plaintiff may file a Second Amended Complaint.  It will meet the following requirements.

        a.     It will not exceed eight pages in length.

        b.     It will comply with the Federal Rules of Civil Procedure and with this court's local rules of practice, located at **www.cod.uscourts.gov.**

        c.     It will **not** name CBS Radio Inc or CBS Corporation as Defendants.

        d.     As to each alleged defamatory statement, it will (1) identify the person or persons who made the statement or who participated in it, (2) state the date or dates on which the statement was made, (3) describe the manner in which it was made (*e.g.,* in a broadcast on a specified program, and (4) set forth the content of the statement).  If, and only if, Plaintiff has no personal knowledge of this information, she may state the content of the statement, the person who told her the statement was made, the parties whom this person identified as making the statement, the time(s) at which the statement was made, how the person knows the statement was made and any other information that the person gave her.

        e.     It will omit any reference to a MEDIA MUNCHENHAUSEN.

        f.     It will contain no *ad hominem* matter directed to any judicial officer of this court

8.   Failure to comply with the terms of this order, and with any order heretofore or hereafter entered by the magistrate judge, may result in an order of this court, dismissing the case with prejudice as a sanction for failure to obey orders of the court.

9.   The case is hereby RECOMMITTED to the magistrate judge for further proceedings.

DATED this 5th day of September, 2007.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge