IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01427-EWN-BNB (consolidated with 06-cv-01578-EWN-BNB, 06-cv-01579-EWN-BNB, and 06-cv-01585-EWN-BNB )

BLONDELL F. MITCHELL,

Plaintiff,

v.

KDJM-FM n/k/a/ KWLI-FM,
INFINITY BROADCASTING n/k/a CBS,
RADIO INC, VIACOM n/k/a CBS CORPORATION,
JENNIFER PROCTOR,
MARK OTTO,
JOSE ESPINOSA,
KEITH ABRAMS,
MARIA CHAVEZ,
LARRY ULIBARRI,
KENDALL LAMAR,
KATHIE JOHNSON,
STEVEN LAURITZEN,
MANUEL ANTHONY VALDEZ,
KQKSFM,
JEFFERSON PILOT COMMUNICATIONS, n/k/a LINCOLN FINANCIAL MEDIA, and
JEFFERSON PILOT FINANCIAL, n/k/a LINCOLN FINANCIAL GROUP,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises in connection with my Order to Show Cause [Doc. #120, filed 5/29/2008]. For the following reasons, I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE.

In July and August of 2006, the plaintiff commenced four separate actions against a total of sixteen defendants. The actions all alleged that the defendants defamed the plaintiff by

accusing her of having and spreading the AIDS virus. The actions were consolidated on November 16, 2006.

On September 6, 2007, the district judge entered an order dismissing without prejudice the plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8(a) [Doc. #95] (the "Order"). The plaintiff was granted leave to file a Second Amended Complaint which complies with the Federal Rules of Civil Procedure, this court's local rules, and the mandates of the Order. The plaintiff was directed that her Second Amended Complaint must meet specific requirements, as follows:

> Within twenty days from the date this order is filed, Plaintiff may file a Second Amended Complaint. It will meet the following requirements.
>
> a. It will not exceed eight pages.
>
> b. It will comply with the Federal Rules of Civil Procedure and with this court's local rules of practice, located at www.cod.uscourts.gov.
>
> c. It will **not** name CBS Radio Inc or CBS Corporation as Defendants.
>
> d. As to each alleged defamatory statement, it will (1) identify the person or persons who made the statement or who participated in it, (2) state the date or dates on which the statement was made, (3) describe the manner in which it was made (*e.g.*, in a broadcast on a specified program, and (4) set forth the content of the statement). If, and only if, Plaintiff has no personal knowledge of this information, she may state the content of the statement, the person who told her the statement was made, the parties whom this person identified as making the statement, the time(s) at which the statement was made, how the person knows the statement was made and any other information that the person gave her.
>
> e. It will omit any reference to a MEDIA MUNTHENHAUSEN.

> f. It will contain no *ad hominem* matter directed to any judicial officer of this court.

*Order*, p. 20 at ¶7 (emphasis in original).

The plaintiff was warned that failure to comply with the terms of the Order could result in dismissal of her case with prejudice as a sanction for failure to obey an order of the court. <u>Id.</u> at p. 21, ¶ 8.

Despite the clear directives of the Order, the plaintiff filed four separate Amended Complaints [Docs. #96, #97, #98, and #99], not a single amended complaint as required. Each Amended Complaint is eight pages long, resulting in a total of 32 pages. In addition, one of the Amended Complaints [Doc. #96] names as defendants Infinity Broadcasting Corporation (n/k/a CBS Radio Inc.), and Viacom Inc. (n/k/a CBS Corporation). Thus, the plaintiff failed to comply with the clear directives of the district judge's Order.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Pursuant to Rule 41.1, I ordered the plaintiff to show cause why this action should not be dismissed for failure to follow an order of this court. I warned the plaintiff that failure to show good cause would result in my recommendation to the district judge that this case be dismissed with prejudice.

The plaintiff responded to the Order to Show Cause on June 13, 2008 [Doc. #121]. The plaintiff argues that the district judge dismissed her previous cases on September 5, 2007; the

cases are therefore no longer combined; and her amended complaints "relate back" to her original complaints. Id. at p. 3. The arguments make no sense. To the contrary, the plaintiff's cases remain consolidated, and she simply has failed to submit a Second Amended Complaint in compliance with the district judge's Order.

The plaintiff further argues that she did not name CBS Radio Inc. or CBS Corporation as defendants and, therefore, she is in compliance with the district judge's Order. Id. at p. 5. Instead of actually naming CBS Radio Inc. and CBS Corporation, she named Infinity Broadcasting Corporation, and Viacom Inc. [Doc. #96]. These are the same entities dismissed by the district judge, and the same entities that the plaintiff was ordered **not** to name in the Second Amended Complaint. *Order,* pp. 17-19 (granting the motion to dismiss filed by CBS Corporation (f/k/a Viacom Inc.) and CBS Radio (f/k/a Infinity Broadcasting Corporation)). See also *Motion to Dismiss Pursuant to Rule 12(b)(6) or, in the Alternative, For a More Definite Statement Pursuant to Rule 12(e)* [Doc. #30]. The plaintiff is aware that they are the same entities as evidenced by her original Complaint wherein she names them as "Infinity Broadcasting Corporation n/k/a CBS Radio Inc." and "Viacom Inc., n/k/a CBS Corporation" [Doc. #3].

The plaintiff has failed to show good cause for her noncompliance with the district judge's Order. Therefore, this Court may dismiss the action with prejudice pursuant to Rule 41.1. Before imposing dismissal with prejudice as a sanction, however, I must evaluate the following factors:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for

> noncompliance; and (5) the efficacy of lesser sanctions. Only
> when the aggravating factors outweigh the judicial system's strong
> predisposition to resolve cases on their merits is dismissal an
> appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920.

Applying the Ehrenhaus factors, I find that the prejudice to the defendants is minimal. I note that the defendants have had to incur the expense of filing a motion to address the plaintiff's failure to comply with the Order, and that this case has been delayed by the plaintiff's failure to follow the clear directives of the district judge.

The plaintiff's misconduct has interfered with the judicial process. Instead of addressing the merits of this case, I am addressing the plaintiff's failure to provide the court with a Second Amended Complaint which conforms with the district judge's Order. Moreover, as the district judge recognized in his Order, the court has previously "spent an inordinate amount of time wading through Plaintiff's incoherent, legally anachronistic, illogical submissions." Doc. #95, p. 16.

The plaintiff is obviously culpable. The district judge provided her with clear and simple directives to file a Second Amended Complaint which does not exceed eight pages in length and which does not name CBS Radio Inc. or CBS Corporation as defendants. Nevertheless, the plaintiff filed four Amended Complaints totaling 32 pages in length; she named CBS Radio Inc. and CBS Corporation as defendants; and she is unable to show good cause for her noncompliance.

The plaintiff was warned by the district judge that her failure to comply with the terms of the Order could result in dismissal of the case with prejudice. Doc. #95, p. 21. In addition, I warned the plaintiff that I would recommend dismissal of this action with prejudice if she did not show good show cause for her failure to follow the district judge's order. Thus, she has received adequate warning that dismissal of the action would be a likely sanction for noncompliance.

A sanction less than dismissal with prejudice would not be effective. The plaintiff is proceeding *in forma pauperis* [Doc. #6], and a monetary sanction would be ineffective. The plaintiff has ignored an unambiguous order and she has failed to show cause for her conduct. This conduct, coupled with the conduct addressed in the district judge's Order, demonstrate a lack of respect for the Court and the judicial system. Dismissal with prejudice is the only effective sanction.

I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE for the plaintiff's failure to comply with an order of this Court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 27, 2008.

                                        BY THE COURT:

                                        /s/ Boyd N. Boland
                                        United States Magistrate Judge